C. Keith Greer, Esq. (State Bar No. 135537)
**GREER & ASSOCIATES, A.P.C.**
17150 Via Del Campo, Suite 100
San Diego, California 92127
Telephone: (858) 613-6677
Facsimile: (858) 613-6680

Frederick Gaston Esq. (State Bar No. 231179)
**GASTON & GASTON, A.P.L.C.**
1010 Second Avenue, 24th Floor
San Diego, CA 92101
Telephone: (619) 398-1882
Facsimile: (619) 398-1887

Attorneys for Plaintiffs,
ESTATE OF REBECCA ZAHAU,
ESTATE OF ROBERT ZAHAU,
MARY ZAHAU-LOEHNER,
and PARI Z. ZAHAU

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF REBECCA ZAHAU, deceased, and ESTATE OF ROBERT ZAHAU, deceased, both represented by MARY ZAHAU-LOEHNER, an individual and PARI Z. ZAHAU, an individual and successor in interests,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAM SHACKNAI, an individual; DINA SHACKNAI, an individual; and NINA ROMANO, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'13CV1624 W    NLS**<br><br>**COMPLAINT FOR**<br>**(1) ASSAULT**<br>**(2) BATTERY**<br>**(3) NEGLIGENCE**<br>**(4) WRONGFUL DEATH**<br><br>**JURY TRIAL DEMANDED** |

ESTATE OF REBECCA ZAHAU, deceased, and ESTATE OF ROBERT ZAHAU, deceased, both represented by MARY ZAHAU-LOEHNER, an individual and PARI Z. ZAHAU, an individual and successor in interests to both

estates (hereinafter collectively referred to as "Plaintiffs"), complain of Defendants ADAM SHACKNAI, an individual; DINA SHACKNAI, an individual; NINA ROMANO, an individual; and DOES 1 through 50, inclusive, on information and belief as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. 1332 based on the diversity of the parties and that the amount in controversy exceeds $10,000,000.

2. The acts and omissions complained of herein occurred in Coronado, California and therefore the proper venue for this action is the Southern District of California in San Diego, California.

## DEMAND FOR JURY TRIAL

3. Plaintiffs demand a jury trial.

## IDENTIFICATION OF THE PARTIES

4. Plaintiff, PARI Z. ZAHAU ("PARI") is the mother and only surviving parent of REBECCA ZAHAU, deceased, and a successor in interest of her estate, and thus brings this action on her own behalf and on behalf of the ESTATE OF REBECCA ZAHAU. PARI is also the surviving spouse of ROBERT ZAHAU, the father of REBECCA ZAHAU, who passed away on July 9, 2013. PARI is a successor in interest of ROBERT ZAHAU, and thus also brings this action on behalf of the ESTATE OF ROBERT ZAHAU. PARI is, and at all times herein mentioned was, a resident of Buchanan County, State of Missouri.

5. Plaintiff, MARY ZAHAU-LOEHNER ("MARY") is the sister and personal representative for REBECCA ZAHAU, deceased, and the daughter, successor in interest and personal representative of ROBERT ZAHAU, deceased, and is acting as the executor of the ESTATE OF REBECCA ZAHAU and the ESTATE OF ROBERT ZAHAU. MARY is, and at all times herein mentioned was, and a resident of Buchanan County, State of Missouri.

6. Plaintiff, ESTATE OF REBECCA ZAHAU, ("REBECCA" or "DECEDENT") will be represented by Plaintiffs MARY (personal representative) and PARI (successor in interest). REBECCA died intestate without a surviving or predeceased spouse or domestic partner, and had no issue. At the time of her death on July 13, 2011, REBECCA was a citizen of the State of Arizona. Therefore, at the time of her death, her mother PARI and now deceased father, ROBERT ZAHAU were her only legal heirs pursuant to Arizona Revised Statutes, Section 14-2103.

7. Plaintiff, ESTATE OF ROBERT ZAHAU, ("ROBERT") will be represented by Plaintiffs MARY, as personal representative and successor in interest, and PARI, as a successor in interest. ROBERT died intestate on July 9, 2013. At the time of his death and at all times herein mentioned herein, ROBERT ZAHAU was a resident of Buchanan County, State of Missouri. Pursuant to Revised Statutes of Missouri, Section 474.010, PARI, a surviving daughter, and MARY, his surviving spouse, are ROBERT's heirs and thus successors in interest to his estate.

8. Defendant, ADAM SHACKNAI ("ADAM") is, and at all times mentioned in this Complaint was, a resident of Shelby County, State of Tennessee.

9. Defendant, DINA SHACKNAI ("DINA") is, and at all times mentioned in this Complaint was, a resident of Maricopa County, State of Arizona.

10. Defendant, NINA ROMANO ("NINA") is, and at all times mentioned in this Complaint was, a resident of San Joaquin County, State of California.

11. Plaintiffs do not presently know the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe that each of these Defendants acted individually or conspired and jointly perpetrated the acts described herein with their co-defendants, and in doing the things herein alleged, were acting within the scope of their authority or in

furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their co-defendants in doing the things herein alleged, and therefore, are liable, jointly and severally, for all damages and other relief or remedies sought by Plaintiffs in this action.

## GENERAL ALLEGATIONS/ STATEMENT OF FACTS

12. On July 13, 2011, REBECCA ZAHAU was found dead, naked, bound and gagged, with a rope noose around her neck. Her cause of death was strangulation, which was caused by either manual strangulation before she was hung, or from being hung with a rope noose around her neck from the second story deck of the Coronado vacation home at which she was staying. The Coroner for the County of San Diego determined that she died on that date.

13. Each of the Defendants named herein participated in some manner in the planning, implementation, execution and subsequent concealment of the scheme to murder REBECCA ZAHAU.

## DAMAGES

14. As a proximate result of Defendants' acts and/or omissions, Plaintiffs PARI and ROBERT ZAHAU (through his estate) were, and PARI still is, mentally and emotionally injured and otherwise damaged by DEFENDANTS' wrongful conduct, including but not limited to their loss of familial relations and REBECCA's society, comfort, protection, companionship, love, affection, solace and moral support. Further, PARI and ROBERT ZAHAU were dependent on REBECCA for financial support and are thus entitled to pecuniary damages, which reflect the financial benefits they were receiving from REBECCA at the time of her death and reasonably expected in the future. Plaintiffs are also entitled to the reasonable value of funeral and burial expenses.

15. As a proximate result of Defendants' acts and/or omissions, REBECCA ZAHAU suffered damage to and loss of property, according to proof.

16. In committing the acts and omissions complained of herein, all individual Defendants acted with malice, oppression and deliberate and reckless disregard for REBECCA's personal safety and well-being, and the rights of Plaintiff PARI and ROBERT to familial relations with, and support from, REBECCA. Plaintiffs are thus entitled to an award of punitive damages against each of them.

## FIRST CAUSE OF ACTION

(Survival Action - Assault, C.C.P. 377.30)
(By ESTATE OF REBECCA ZAHAU)

17. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 though 16 of this Complaint.

18. On or about July 13, 2011, after the foregoing cause of action arose in her favor, REBECCA, who would have been the Plaintiff in this action if she had lived, died as the legal result of the Defendants' intentional acts.

19. On or about July 13, 2011, Defendants intentionally, willfully, wantonly and maliciously threatened to cause immediate physical harm to REBECCA by threatening to stalk, attack, choke, gag, bound, and hang her at the Premises.

20. Through the acts stated above, it reasonably appeared to REBECCA, prior to her death, that Defendants were about to carry out their threat.

21. At no time during the events described in the preceding paragraphs above, nor at any time prior thereto, did REBECCA consent to any of the Defendants' conduct, which resulted in her death.

22. As a result of Defendants' intentional, reckless, wanton and unlawful conduct, REBECCA sustained severe and serious injury to her person which subsequently caused her death.

23. The aforementioned actions of Defendants, and each of them, were willful and wanton in that Defendants demonstrated a conscious and deliberate

disregard of human life and dignity, rights, safety and interests of the DECEDENT by stalking, attacking, choking, gagging, bounding and hanging her at the Premises with the full knowledge that she would die as a result of said acts.

24. On or about July 13, 2011, and immediately prior to REBECCA's death, personal property of REBECCA was destroyed as a legal result of Defendants' assault. The amount of said property is unknown at present. Plaintiffs will amend this Complaint according to proof when said amount becomes known.

25. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud and malice, and Plaintiffs are entitled to punitive and exemplary damages in an amount to be proven at the time of trial.

**SECOND CAUSE OF ACTION**
(Survival Action - Battery, C.C.P. 377.30)
(By ESTATE OF REBECCA ZAHAU)

26. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 though 25 of this Complaint.

27. On or about July 13, 2011, Defendants planned and prepared to batter and murder REBECCA and did thereafter brutally, and with malice aforethought, stalk, attack, choke, bound and hang REBECCA at the Premises.

28. REBECCA did not consent to the intentional acts perpetrated by Defendants.

29. The intentional acts perpetrated by Defendants were the sole cause of REBECCA's death.

30. The attack was perpetrated by Defendants with the full knowledge that the battery upon REBECCA's body would lead to her death. Each of the acts alleged herein were done with a wanton, reckless disregard for the rights of the DECEDENT and with the full knowledge that she would die as a result of said acts.

31. On or about July 13, 2011, and immediately prior to REBECCA's death, personal property of REBECCA was destroyed as a legal result of Defendants' battery. The amount of said property is unknown at present. Plaintiffs

will amend this Complaint according to proof when said amount becomes known.

32. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud and malice, and Plaintiffs are entitled to punitive and exemplary damages in an amount to be proven at the time of trial.

### THIRD CAUSE OF ACTION
(Survival Action - Negligence, C.C.P. 377.30)
(By ESTATE OF REBECCA ZAHAU)

33. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 though 32 of this Complaint, except those relating to punitive damages and reckless or intentional conduct.

34. To the extent that any individual Defendant did not directly participate in the acts causing REBECCA's death, their knowledge of and/or participation in the scheme to cause harm to REBECCA created a duty to warn REBECCA or take reasonable efforts to prevent the other Defendants from executing the plan, which they failed to do.

35. Defendants, and each of them, breached their duty by failing to warn REBECCA of the Defendants' scheme and/or by failing to prevent the other Defendants from carrying out the murder.

36. Defendants, and each of them, proximately caused the death of REBECCA as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

37. The damages alleged herein are the proximate result of Defendants' negligent actions.

///
///
///
///
///

## FOURTH CAUSE OF ACTION
(Wrongful Death)
(By Plaintiffs PARI ZAHAU and ESTATE OF ROBERT ZAHAU)

38. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 though 37 of this Complaint.

39. By the performing the acts set forth above, Defendants, and each of them, wrongfully and proximately caused the death of REBECCA.

40. As a proximate result of said Defendants' wrongful conduct, and the death of REBECCA, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services and support of REBECCA, in an amount according to proof. Plaintiffs were financially dependant on REBECCA and thus were also damaged by the loss of financial support they were receiving from REBECCA at the time of her death and reasonably expected to receive in the future.

41. As a further actual and proximate result of said Defendants' negligence, Plaintiffs incurred funeral and burial expenses in and amount according to proof at trial.

42. Pursuant to C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of REBECCA, and the resulting injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each for them, as follows:

1. For compensatory damages according to proof;
2. For special damages according to proof;
3. For reimbursement of funeral expenses and costs of burial;
4. For pecuniary damages according to proof;
5. For personal property according to proof;
6. For interest on all sums awarded, according to proof;

7. For punitive and exemplary damages, according to proof;

8. For costs of suit incurred herein;

9. All other relief to which Plaintiffs may be entitled under law.

Dated: July 12, 2013

**GREER & ASSOCIATES, A.P.C.**

By *[signature]*
C. Keith Greer, Esq.
Attorney for Plaintiffs

**GASTON & GASTON, A.P.L.C.**

By *[signature]*
Frederick Gaston, Esq.
Attorney for Plaintiffs