# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF REBECCA ZAHAU, *et al.*,<br><br>                    Plaintiffs,<br>     v.<br><br>ADAM SHACKNAI, *et al.*,<br><br>                    Defendants. | CASE NO. 13-cv-1624-W(NLS)<br><br>**ORDER:**<br><br>**(1) STRIKING PLAINTIFF'S AMENDED COMPLAINT, AND**<br><br>**(2) GRANTING DEFENDANTS' UNOPPOSED MOTIONS TO DISMISS [DOCS. 4, 8]** |

On July 12, 2013, Plaintiffs Estate of Rebecca Zahau, Estate of Robert Zahau, Mary Zahau-Leohner, and Pari Z. Zahau commenced this tort action against Defendants Adam Shacknai, Dina Shacknai, and Nina Romano. Thereafter, October 10, 2013 and on October 15, 2013, Ms. Romano and Mr. Shacknai respectively filed motions to dismiss. (Docs. 4, 8.) Both argue that the complaint should be dismissed for lack of jurisdiction and for failure to state a claim.[1] To date, Plaintiffs have not opposed either of these motions. Rather, on November 11, 2013, Plaintiffs filed an Amended Complaint. (Doc. 17.)

//

---

[1] Subsequently, Ms. Shacknai also filed a motion to dismiss and a motion to strike prayers for punitive damages. (Doc. 13.) The hearing for that motion is set for December 2, 2013.

## I. ANALYSIS

### A. Plaintiffs' Amended Complaint

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Based on the dates Ms. Romano and Mr. Shacknai filed their respective motions to dismiss, Plaintiffs filed their amended complaint 31 days after Ms. Romano filed her motion and 26 days after Mr. Shacknai filed his. Consequently, Plaintiffs are no longer in the time frame where they may file an amended complaint as a matter of course. See Fed. R. Civ. P. 15(a)(1). Rather, they are now under the scope of Rule 15(a)(2), which requires Plaintiffs to obtain written consent from the opposing parties or request leave from the Court to amend their complaint. See Fed. R. Civ. P. 15(a)(2). Because Plaintiffs' Amended Complaint does not comply with the timeliness requirements of Rule 15(a), the Court **STRIKES** it from the docket. (Doc. 17.)

### B. Defendants' Motion to Dismiss

Civil Local Rule 7.1(f.3.c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other ruling by the court." The Ninth Circuit has held that a district court may properly grant a motion to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Here, based on the November 18, 2013 hearing date for both motions, Plaintiffs' oppositions were due no later than November 4, 2013. However, Plaintiffs did not file

1  any opposition and have not requested additional time to do so.  Moreover, there is no
2  evidence before the Court that Defendants' moving papers failed to reach the mailing
3  address designated in Defendants' Proofs of Service or that Plaintiffs were not aware of
4  the pending motions.  Therefore, relying on Civil Local Rule 7.1(f.3.c), the Court deems
5  Plaintiffs' failure to oppose Defendants' motions as consent to granting them, and
6  **GRANTS** Ms. Romano's and Mr. Shacknai's motions.  (Docs. 4, 8.)

8  **II.     CONCLUSION & ORDER**
9       In light of the foregoing, the Court hereby:
10      (1)    **STRIKES** Plaintiffs' Amended Complaint (Doc. 17);
11      (2)    **GRANTS** Ms. Romano's and Mr. Shacknai's motions to dismiss (Docs.
12             4, 8), and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' complaint
13             in its entirety; and
14      (3)    **TERMINATES AS MOOT** Ms. Shacknai's motion to dismiss (Doc. 13).
15      If Plaintiffs wish to file an amended complaint, they must request leave from the
16 Court or obtain written consent from Defendants in accordance with Federal Rule of
17 Civil Procedure 15(a)(2).  The Clerk of the Court shall close this case.
18      **IT IS SO ORDERED.**

20 **DATE: November 12, 2013**

_____
**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California