UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF REBECCA ZAHAU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM SHACKNAI, *et al.*,<br><br>Defendants. | Case No. 13-cv-1624-W(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND [DOC. 19]** |

On February 14, 2013, Plaintiffs Estate of Rebecca Zahau, Estate of Robert Zahau, Mary Zahau-Leohner, and Pari Z. Zahau commenced this action against Defendants Adam Shacknai, Dina Shacknai, and Nina Romano for assault, battery, negligence, and wrongful death. Plaintiffs now move for leave to file an amended complaint. Defendants oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for leave to file an amended complaint.

## I. BACKGROUND[1]

Plaintiffs allege that on or around the morning of July 13, 2011, Defendants "conspired to plan, and did in fact, murder" Rebecca Zahau in Coronado, California. (PFAC ¶ 12.) On that date, Ms. Zahau was found dead, naked, bound and gagged, with a rope noose around her neck. (Id. ¶ 13.) The cause of death was strangulation, "caused by either manual strangulation before she was hung, or from being hung with a rope noose around her neck from the second story deck of the Coronado vacation home at which she was staying." (Id.) The Coroner for the County of San Diego determined that Ms. Zahau died on July 13. (Id.) Plaintiffs allege that "[e]ach of the Defendants named herein were present at the location where the murder of Rebecca occurred and all of them actively participated in the planning, implementation, execution and subsequent concealment of the scheme to murder Rebecca." (Id. ¶ 14 (emphasis removed).)

On July 12, 2013, Plaintiffs commenced this action, asserting claims for assault, battery, negligence, and wrongful death. In October, Defendants filed two separate motions to dismiss. Plaintiffs failed to oppose those motions. Consequently, on November 12, 2013, the Court granted Defendants' motions based on Plaintiffs failure to oppose, and dismissed the complaint. Plaintiffs now move for leave to amend under Federal Rule of Civil Procedure 15(a). Defendants oppose.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme

---

[1] Plaintiffs move for leave to file their Proposed First Amended Complaint ("PFAC"), which "alleges diversity jurisdiction over the first cause of action and requests this Court to accept supplemental jurisdiction over all the other causes of action." (Pls.' Mot. 2:9–13.) They also move for leave to file their Proposed Second Amended Complaint ("PSAC") "[i]f the court refuses to accept supplemental jurisdiction." (Id. at 2:13–16.)

1  liberality." Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).
2  However, leave to amend is not to be granted automatically. Zivkovic v. S. Cal. Edison
3  Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Jackson v. Bank of Hawaii, 902 F.2d
4  1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of
5  the district court. Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir.
6  1996).

7        The Court considers five factors in assessing a motion for leave to amend: (1) bad
8  faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the
9  amendment, and (5) whether the plaintiff has previously amended the complaint.
10 Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); see also Foman v. Davis, 371
11 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any
12 of the factors above. See DCD Programs, 833 F.2d at 186. Of these factors, prejudice
13 to the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon,
14 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing
15 of the other factors may support denying leave to amend. See id.

16       "Futility of amendment can, by itself, justify the denial of a motion for leave to
17 amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of
18 the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of
19 facts can be proved under the amendment . . . that would constitute a valid and
20 sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.
21 1988). Thus, the test of futility is identical to the one applied when considering
22 challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be
23 granted. Baker v. Pac. Far E. Lines, Inc., 451 F. Supp. 84, 89 (N.D. Cal. 1978); see Saul
24 v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in
25 denying leave to amend . . . where the amended complaint would be subject to
26 dismissal." (citation omitted)).

27 //
28 //

### III. DISCUSSION

#### A. The Court Lacks Subject Matter Jurisdiction over the PFAC because of a Lack of Complete Diversity.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted).

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367. "In order for a federal court to invoke supplemental jurisdiction under Gibbs, it must first have original jurisdiction over at least one claim in the action. Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554 (2005) (referencing United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966)). "[T]he presence of nondiverse parties on both sides of a lawsuit eliminates the justification for providing a federal forum." Id. at 562. "A failure of complete diversity, unlike the failure of some claims to meet the requisite amount in controversy, contaminates every claim in the action." Id. at 564.

"For the purposes of [28 U.S.C. § 1332] . . . the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c). Plaintiffs acknowledge that "[a]t the time of her death on July 13, 2011, Rebecca was a citizen of the State of Arizona." (PFAC ¶ 7 (emphasis removed).) Therefore, the Estate of Rebecca Zahau is deemed to be a citizen only of Arizona. See

28 U.S.C. § 1332(c). Plaintiffs allege that Dina Shacknai is also a citizen of Arizona. (PFAC ¶ 10.) Thus, because each defendant is not from a different state from each plaintiff, complete diversity of citizenship is absent from the PFAC. See Kroger, 437 U.S. at 373. Because the PFAC lacks complete diversity, the Court lacks subject matter jurisdiction over all claims appearing within it. See Exxon, 545 U.S. at 554.

Accordingly, the Court **DENIES** Plaintiffs' motion for leave to file their PFAC because doing so would destroy the Court's jurisdiction over the proposed complaint. The Court also **DENIES** leave to amend the second, third, and fourth claims against the non-diverse defendants. See Exxon, 545 U.S. at 554.

### B. Although the PSAC Does Not Meet the Pleading Standard of Rule 8, Defendants Fail to Show that Amendment Is Futile.

Under Federal Rule of Civil Procedure 8, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

//

Dina Shacknai and Adam Shacknai argue that amendment would be futile because the PSAC fails to allege specific facts demonstrating a plausible claim for relief. (See D. Shacknai's Opp'n 3:15–8:28; A. Shackani's Opp'n 4:22–8:17.) The Court disagrees.

Under California law, "[a] cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf[.]" Cal. Civ. Proc. Code § 377.60. "A cause of action for wrongful death is a statutory claim that compensates specified heirs of the decedent for losses suffered as a result of a decedent's death." San Diego Gas & Elec. Co. v. Superior Court, 146 Cal. App. 4th 1545, 1550-51 (2007) (citing Cal. Civ. Proc. Code §§ 377.60-377.62; Quiroz v. Seventh Ave. Ctr., 140 Cal. App. 4th 1256, 1263 (2006)). The purpose of a wrongful death claim "is to compensate specified persons—heirs—for the loss of companionship and for other losses suffered as a result of a decedent's death." Quiroz, 140 Cal. App. 4th at 1263. "The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." Id.

### 1. Assault

"Penal Code section 240 defines the crime of assault as an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another. In tort actions for assault . . . , the courts usually assume that th[is] Penal Code definition . . . and related criminal cases are applicable." Plotnik v. Meihaus, 208 Cal. App. 4th 1590, 1604 (2012) (internal quotation marks omitted). "A civil action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm." Lowry v. Standard Oil Co. of Cal., 63 Cal. App. 2d 1, 7 (1944). "Every person has 'the right of protection from bodily restraint or harm.'" Id.
//

Plaintiffs fail to specify the exact conduct for which they seek to hold each defendant liable for wrongful death premised on the tort of assault. Plaintiffs allege in the PSAC that "[o]n or about July 13, 2011, Defendants, and each of them, intentionally, willfully, wantonly and maliciously threatened to cause immediate physical harm to Rebecca by threatening to stalk, attack, choke, gag, bound, and hang her at the Premises." (PSAC ¶ 15 (emphasis removed).) Plaintiffs fail to specify which defendant made which threat. They fail to make clear in which form the defendants allegedly made threats. And crucially, Plaintiffs fail to allege the content of the threats in question. Without more specificity about who threatened what, where, and how, Plaintiffs fail to raise their claim for wrongful death based on assault above a speculative level. See Twombly, 550 U.S. at 555 .

### 2.  Battery

In California, "[a] battery is an intentional and offensive touching of a person who has not consented to the touching . . . . [a]lthough typically a battery is a violation of a person's wishes to avoid bodily contact that is hostile, aggressive or harmful, the tort is committed if there is unwanted intentional touching of any kind." Conte v. Girard Orthopaedic Surgeons Med. Grp., Inc., 107 Cal. App. 4th 1260, 1266 (2003) (citing Rains v. Superior Court ,150 Cal. App. 3d 933, 938 (1984)).

Plaintiffs fail to specify the exact conduct for which they seek to hold each defendant liable for wrongful death premised on the tort of battery. In asserting battery, they allege that "[e]ach of the Defendants named herein were present at the location where the murder of Rebecca occurred and all of them actively participated in the planning, implementation, execution, and subsequent concealment of the scheme to murder Rebecca." (PSAC ¶ 12 (emphasis removed).) Plaintiffs further allege that "[i]mmediately thereafter, Defendants, and each of them, planned and prepared to batter and murder Rebecca and did brutally, and with malice aforethought, stalk, attack, choke, bound and hang Rebecca at the Premises." (PSAC ¶ 16 (emphasis

1  removed)).) Plaintiffs' allegations lack the required specificity. Plaintiffs do not allege
2  who did what to harm Ms. Zahau. (See id. ¶¶ 12, 14.) Rather, they make the same
3  allegations against all of the defendants, alleging participation in an amorphous scheme
4  to kill Ms. Zahau for an unspecified nefarious purpose. (See id.) In short, Plaintiffs'
5  PSAC does not contain sufficient factual matter, accepted as true, to state a plausible
6  claim for relief. See Iqbal, 556 U.S. at 678.

7  Accordingly, the Court **DENIES** Plaintiffs' request for leave to file the PSAC.

### 3. Futility

10 Nevertheless, Dina Shacknai and Adam Shacknai fail to show that amendment
11 of Plaintiffs' complaint to be futile on the basis of a lack of specificity in the PSAC.
12 Neither of their opposition briefs argue futility based on the pleading standard contains
13 more than the most perfunctory reasoning to link a lack of specificity to futility of
14 amendment. (See D. Shacknai's Opp'n 8:26–28 ("the Court should deny Plaintiffs'
15 motion for leave because the amendment is futile based on lack of specific allegations
16 . . ."); A. Shacknai's Opp'n 5:9–12 ("the allegations in both proposed amended
17 complaints . . . are not sufficient to state any plausible cause of action against Mr.
18 Shacknai . . . [t]herefore, leave to amend should be denied").) As noted above, the
19 PSAC lacks a sufficient factual basis to meet Rule 8's pleading standard, but Defendants
20 fail to meet their burden of showing that the consequence of this deficiency is that
21 amendment would be futile. See DCD Programs, 833 F.2d at 186.

22 Dina Shacknai and Adam Shacknai make one further argument in support of
23 futility of amendment, that all claims listed in the PFAC and PSAC are barred by a
24 two-year statute of limitations period. (D. Shacknai's Opp'n 6:8–7:10; A. Shacknai's
25 Opp'n 8:18–9:14.) Dina Shacknai argues that because the entire action was dismissed
26 without prejudice, the filing date of the original complaint should not apply. (D.
27 Shacknai's Opp'n 6:10–7:10.) But she is incorrect.
28 //

> In deciding whether an amendment to state a new claim against the original defendant is proper, the policies underlying the statute of limitations are implicated . . . amendment of a complaint is proper if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury.

Percy v. San Francisco Gen. Hosp., 841 F.2d 975, 979 (9th Cir. 1988) (quoting Santana v. Holiday Inns, Inc., 686 F.2d 736, 738–39 (9th Cir.1982)). Because the original pleading put Defendants on notice of the set of facts on which Plaintiffs' PFAC and PSAC are based, the PFAC and PSAC relate back to the original pleading, and the original filing date applies for the purposes of statutes of limitations. See Fed. R. Civ. P. 15(c) ("[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading").

In sum, Defendants fail to demonstrate that amendment is futile. See DCD Programs, 833 F.2d at 186.

### C.    Defendants Fail to Show that Amendment Would Cause Prejudice.

Nina Romano contends that allowing Plaintiffs to amend their complaint would prejudice opposing parties. (N. Romano's Opp'n 7:1–10:11.) She presents two reasons why this is so. First, she asserts that prejudice exists merely because Plaintiffs did not amend its pleading as a matter of course according to Rule 15(a)(1). (Id. at 7:1–28.) Second, she argues that the Court should decline to exercise its discretion to dismiss the second, third, and fourth claims because a very similar complaint to the PFAC has been brought in state court that has the potential to cause prejudice through conflicting rulings. (Id. at 8:1–10:11.)

//
//
//

Nina Romano's first argument for prejudice is devoid of reasoning. She seems to insinuate that because Plaintiffs did not amend their pleading as a matter of course, undue delay would cause prejudice merely by allowing the suit to progress further. (See N. Romano's Opp'n 7:1–7:28) ("The subsequent service on other defendants and their motions to dismiss could not operate to create successive new 21 day periods and counsel's asserted interpretation and delay was unreasonable."). The Court rejects this argument.

"Undue delay by itself . . . is insufficient to justify denying a motion to amend . . . [w]e have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) (citations omitted). "As the Ninth Circuit reasoned in Westlands Water District v. United States, 'legal prejudice is . . . prejudice to some legal interest, some legal claim, some legal argument . . . [u]ncertainty because a dispute remains unresolved is not legal prejudice.'" Pershing Pac. W., LLC v. Ferretti Grp., USA, Inc., No. 10-CV-1345-L DHB, 2013 WL 3227942 (S.D. Cal. June 25, 2013) (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir.1996)). Nina Romano fails to meet her burden of demonstrating prejudice to her interests as a result of Plaintiffs' purported undue delay.

Nina Romano bases her second argument of prejudice on Plaintiffs' concurrent filing of a parallel state-court action. In a circuitous argument that references Federal Rule of Civil Procedure 21, she contends that the Court "should decline to exercise its discretion to dismiss the survivor claims to preserve diversity jurisdiction. . . due to prejudice to Defendants through conflicting rulings." (N. Romano's Opp'n 8:2–6 (emphasis removed).) Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Plaintiffs do not cite Rule 21 in their motion. However, by providing two

1  proposed amended complaints, they prompt the court to alternatively accept a PSAC
2  in lieu of a PFAC that lists three additional claims against non-diverse parties. (See
3  Pls.' Mot. 9:3–18.) Nina Romano reads the inclusion of two alternative proposed
4  amended complaints as invoking the Court's discretionary Rule 21 authority to drop
5  parties or claims to perfect jurisdiction lacking in the PFAC. (See id. at 8:15–18.) She
6  seems to argue that the Court should decline to exercise this discretion because of
7  prejudice resulting from a concurrent state-court action. (See id. at 8:2–6; 10:3–11.)

8        This line of reasoning is superfluous because its premise is the existence of
9  prejudice to Defendants' interests, which is already a dispositive issue in a motion for
10 leave to amend. See Aspeon, 316 F.3d at 1052 (prejudice is the "touchstone of the
11 inquiry under rule 15(a)"). Further, by focusing her analysis on Rule 21, Nina Romano
12 fails to meet her burden of showing prejudice to any legal interest as a result of the
13 existence of a parallel state-court action. "[T]he decision whether to dismiss a federal
14 action because of parallel state-court litigation . . . [rests] on a careful balancing of the
15 important factors as they apply in a given case, with the balance heavily weighted in
16 favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr.
17 Corp., 460 U.S. 1, 16 (U.S.N.C. 1983). Nina Romano's averments that "[P]laintiffs
18 have already filed a complaint in the California Superior Court almost identical to their
19 proffered First Amended Complaint" and that "a grant of Rule 21 relief will create
20 multiplicity of lawsuits and the potential for conflicting results" do not themselves
21 demonstrate prejudice.

22       In sum, Defendants fail to show that granting Plaintiffs' request for leave to file
23 an amended complaint would prejudice their legal interests.

24

25 **IV.   CONCLUSION & ORDER**
26       In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN**
27 **PART** Plaintiffs' motion for leave to file an amended complaint. The Court **DENIES**
28 Plaintiffs leave to file either the PFAC or the PSAC in their current form. However,

the Court **GRANTS** Plaintiffs leave to file First Amended Complaint that is consistent with this order.  But any future amendment must contain no reference to the second, third, or fourth claims listed in the PFAC that are lacking in complete diversity.  If Plaintiffs choose to file an amended complaint, they must do so no later than **April 7, 2014**.

    **IT IS SO ORDERED.**

**DATE: March 13, 2014**

_____
**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California