Robb C. Adkins (SBN 194576)
radkins@winston.com
Krista M. Enns (SBN 206430)
kenns@winston.com
Ian L. Papendick (SBN 275648)
ipapendick@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Counsel for Defendant
Adam Shacknai*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ZAHAU, deceased, through his personal representative MARY ZAHAU-LOEHNER; ESTATE OF ROBERT ZAHAU, represented by MARY ZAHAU-LOEHNER, an individual; and PARI Z. ZAHAU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAM SHACKNAI, an individual; DINA SHACKNAI, an individual; and NINA ROMANO, an individual,<br><br>Defendants. | **Case No. 13-cv-01624-W-NLS**<br><br>**DEFENDANT ADAM SHACKNAI'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1**<br><br>Hearing Date: September 29, 2014<br>Department: C-3 |

# INTRODUCTION

Over the past year, on four separate occasions, Plaintiffs' counsel has tried and failed to submit a viable complaint, resulting in dismissal. Nevertheless, the Court "grant[ed] Plaintiffs a final opportunity to amend the complaint." Order, ECF No. 35 at 7:12-13. And on July 8, 2014—almost exactly one year after Plaintiffs' counsel filed the first complaint—they filed the fifth iteration of the complaint, captioned the Second Amended Complaint ("SAC").

As illustrated in Defendant Adam Shacknai's Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion"), the SAC again suffers from incurable flaws. Likely for that reason, Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("Opposition") argues that the SAC should be afforded a more lenient pleading standard than that to which all other litigants must adhere. It then tries to argue that the SAC's allegations—which it admits are made on information and belief—are actually facts that must be taken as true for purposes of deciding the Motion. Finally, the Opposition attempts to run away from the Medical Examiner's Report ("Report"), on which the SAC expressly relies in paragraph 11 and certain facts of which are incorporated by the SAC among the myriad allegations made on information and belief.

Each of these arguments is unavailing. The SAC is not entitled to the "benefit of leniency" and the vast majority of the allegations in the SAC should not be accepted as true. Therefore, the SAC should be dismissed. The SAC also should be dismissed for the separate and independent reason that the allegations that contradict the Report need not be credited at all because the SAC incorporates the Report by reference.

///
///
///
///

Although titled the ***Second*** Amended Complaint, the SAC actually is Plaintiffs' counsel's fifth attempt to submit a viable complaint. Having repeatedly failed to present a valid complaint, it is time to end this matter. The Court should stand by its earlier decision to grant Plaintiffs' counsel one final opportunity to amend the complaint and, this time, dismiss the case with prejudice.

## ARGUMENT

### I. THE SAC IS NOT ENTITLED TO THE "BENEFIT OF LENIENCY"

At the outset of their opposition, Plaintiffs' counsel ask the Court to lower the bar set by Federal Rule of Civil Procedure 8 so that their insufficient claim can move forward against the Defendants. Specifically, they contend that they are entitled to be "given the benefit of leniency in pleading." Opp. at 3:21. In support of this contention, they cite *Young v. City of Visalia*, 687 F. Supp. 2d 1141 (E.D. Cal. 2009). As already explained in prior briefing (ECF No. 32 at 4:14-5:25), however, *Young* has no application here.[1]

In *Young*, landowners brought an action against two cities and various police officers from those two cities, alleging civil rights violations in connection with a search and seizure. *Young*, 687 F. Supp. 2d at 1143-44. Recognizing that the complaint did "not identify the specific conduct of any individual defendant during the searches," the court held that the complaint nevertheless stated a claim for reasons specific to the facts of that case. *Id.* at 1153-54. The complaint alleged that certain officers took one of the plaintiffs "by gun point into a particular room of his house, [and he] was made to sit in an uncomfortable chair for five hours," while other officers searched his house. *Id.* at 1154. For that reason, the court held that the complaint was sufficiently detailed. As the opinion explains, "if Young was kept in a separate room while other Defendants searched other rooms and other buildings, how

---

[1] Mr. Shacknai already thoroughly distinguished *Young* in Defendant's Reply in support of Motion to Dismiss First Amended Complaint (ECF No. 32 at 5), and Plaintiffs' counsel's Opposition fails to provide any response as to how the *Young* holding would in any way apply to the situation presented here.

DEFENDANT ADAM SHACKNAI'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
(CASE NO. 13-CV-01624-W-NLS)

1  can he allege with more specificity which Defendants did which particular acts during
2  the search?" *Id.* at 1154.  Thus, the Court held "In light of the circumstances of the
3  search and seizure alleged in this case, and in light of the allegations that all
4  defendants searched while Young was detained, dismissal of the first and second
5  causes of action is not appropriate." *Id.*

6  There are no such facts here.  Indeed, Plaintiffs' counsel admit that "Plaintiffs
7  cannot know prior to further discovery, ***or perhaps ever***, exactly who performed each
8  individual act that led to Rebecca Zahau's death."  ECF No. 31 at 6 (emphasis added);
9  *id.* at 2 (admitting that absent discovery, "Plaintiffs will ***never*** be able to adequately
10 plead a complaint against" the Defendants, emphasis added).  To that end, Plaintiffs'
11 counsel have cobbled together a complaint comprised almost exclusively of
12 allegations made on information and belief.  *See infra* Section II.  Thus, the case at bar
13 is nothing like *Young*.  As such, *Young* does not support Plaintiffs' counsel's request
14 for leniency.

## II. PLAINTIFFS' COUNSEL HAVE NOT MET THEIR BURDEN OF PLEADING <u>FACTS</u> THAT ARGUABLY ENTITLE THEM TO RELIEF.

17 According to Plaintiffs' counsel, each and every allegation in the SAC "must be
18 accepted as true for this motion to dismiss."  Opp. at 4:21-22.  But as already
19 discussed in the Motion, a court need ***not*** accept allegations as true when they are
20 made on information and belief.  *See* Motion at 4:10-28.  Indeed, "[d]espite the
21 common appearance of th[e] phrase" on information and belief, "it is not a recognized
22 pleading device."  *Delphix Corp. v. Actifo Inc.*, No. C 13-4613-RS, Order Granting
23 Motion to Dismiss Second Amended Complaint, With Leave to Amend (ECF No. 42)
24 at 2:14-15 (N.D. Cal. Mar. 19, 2014).  Thus, "[w]here . . . some of the allegations are
25 qualified with the phrase and others are not, a reasonable inference arises that it is
26 intended as caveat, to provide additional protection should plaintiff be unable to prove
27 any of the factual allegations." *Id.* at 2:21-3:1.  "It thus creates a further inference that

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5802*

plaintiff likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree." *Id.* at 3:1-3.[2]

To that end, when allegations are made on information and belief, "such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Giraud v. Bd. of Educ., Newburgh Enlarged Sch. Dist.*, No. 12-CV-1842 (ER), 2013 WL 3776242, at *4 (S.D.N.Y. July 17, 2013) (quoting and omitting the citation from *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006)). Here, virtually all of the allegations in the SAC are made on information and belief. This is established in the very first paragraph of the SAC, which makes clear that Plaintiffs' counsel have drafted the SAC to "complain of Defendants . . . on information and belief." SAC at 1:25-2:2. To emphasize the point, in a later paragraph, the SAC again sets forth that its allegations "are made on information and belief." SAC ¶ 12; *see also* Motion (ECF No. 38-1 at 4:2-6:18). Thus the question presented to the Court is whether the SAC's allegations made on information and belief are accompanied by a statement of facts upon which that belief is founded. The answer to this question is "no."

Plaintiffs' counsel, in their opposition, implicitly concede that they are required to make allegations founded on actual facts, but fail to point to any factual support in the SAC other than simply stating that they have done so. For example, they assert that "[a]lthough not required, there are even supporting facts that show the reasoning behind Plaintiffs' allegations." Opp. at 9:11-13. Indeed, they go so far as to contend that "the SAC is full of supporting facts and *details* which show the reasoning behind the allegations." Opp. at 4:19-20 (emphasis in original); *see also id.* at 7:19-20 ("the

---

[2] The analysis in *Delphix* is based on Federal Rule of Civil Procedure 11, which this Court invoked in its order dismissing the First Amended Complaint. ECF No. 35 at 7 n.1. For the reasons discussed herein and in the Motion, Plaintiffs' counsel has failed to provide the evidentiary support required in Rule 11 and as expressly recited in the Court's prior order, instead making speculative "information and belief" allegations and pointing to a limited number of "facts" drawn from the Medical Examiner's Report, which, as explained below, provides no support for the allegations and indeed certified the death as **suicide**.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

allegations in paragraphs 13-21 are supported by facts"). As the Motion explains, however, "there are no new substantive factual allegations in the SAC regarding unlawful conduct by Defendants." Motion at 6:7-9. While Plaintiffs' counsel posits that "a cursory review of the SAC, and paragraphs 13-21, cleary [sic] show otherwise" (Opp. at 5 n.2), they are wrong. All of the "facts" discussed in the Opposition actually are allegations made on information and belief. Opp. at 6:3-8:15.

As but one example, after asserting "[t]here are even accompanying *facts* to support Plaintiffs' allegations," the Opposition points to Paragraph 15 of the SAC. Opp. at 6:25-7:2 (emphasis added). But there are no facts in Paragraph 15. Nor are Paragraph 15's allegations based on facts. Rather, Plaintiffs' counsel alleges — expressly based solely on information and belief— that (1) "DINA aggressively confronted the DECEDENT . . . along with her sister NINA" (SAC ¶ 13); (2) "that in response to the aggressive confrontation . . . , DECEDENT, fearing for her safety, attempted to flee the residence" (*id.* ¶ 14); and (3) "before DECEDENT could evade her attackers, she was struck four times on the back of the head with a blunt object by DINA, rendering her unconscious" (*id.*). At that point of the narrative, the SAC sets forth "Plaintiffs *believe* that at this time, ADAM, who had taken an Ambien earlier in the evening and was sleeping in the guest house at the residence, was awakened by the commotion and came to the scene." *Id.* ¶ 14 (emphasis added). Making allegation after allegation on information and belief does not convert any of these allegations into factually supported claims.

At best, Plaintiffs' counsel are trying to make inferences from the very limited facts set forth in the SAC (facts which, as discussed below, come from the Medical Examiner's Report). As such, the question becomes whether these inferences are warranted, because unwarranted factual inferences are insufficient to withstand a motion to dismiss. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim"). In short, these "inferences" are unwarranted. *Twombly* made clear

5

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

that a complaint must contain enough factual "heft" to "show[] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  For the reasons already explained in the Motion, the SAC falls well-short of that standard.  Therefore, the SAC should be dismissed.

### III. THE COURT CAN AND SHOULD CONSIDER THE MEDICAL EXAMINER'S REPORT[3]

Plaintiffs' counsel devote almost half of the Opposition arguing why the Court should not consider the Medical Examiner's Report ("Report") in deciding the motion to dismiss.  Their two main arguments are:  (1) the SAC contains no more than a "mere mention of a 'Coroner'" (Opp. at 12:25-26); and (2) "[n]owhere in the SAC did Plaintiffs make any express or implied references to the Medical Examiner's report or any of its conclusions."  Opp. at 15:5-6.  They are wrong on both counts.

The Opposition admits that the SAC's reference to the "Coroner" (¶ 11) is included "in order to provide factual support for determining the date of Rebecca's death."  Opp. at 12:21-22.  This begs the question:  Other than the Report, what would be the source for the official findings of the Medical Examiner?  Indeed, the Opposition implicitly acknowledges that the information came from the Report: "Plaintiffs only refer to the 'Coroner' in order to provide supporting factual detail about the day of Rebecca's death, ***not to extensively rely on it***."  *Id.* at 13:22-23.  Extensively or not, it is clear that Plaintiffs' counsel is "rely[ing] on it"—the Report—as ostensible support for the only factual allegations outside of "information and belief."

Moreover—and contrary to what Plaintiffs' counsel contends—the standard for incorporation by reference is not limited to when a complaint "extensively relies" on a certain document.  Opp. at 12:2-4 ("In some cases, the district court relies on the doctrine of 'incorporation by reference' to consider documents that were referenced

---

[3] The Opposition sets forth that all of the Defendants argued that the Court should take judicial notice of the Medical Examiner's Report.  *Id.* at 15:15-18:7.  The Opposition is wrong—Mr. Shacknai made no such argument.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*extensively* in the complaint . . . .") (emphasis in original).   As explained by *United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003), a document not attached to the operative complaint may be incorporated by reference "if the plaintiff refers extensively to the document ***or the document forms the basis of the plaintiff's claim***." *Id.* at 908 (emphasis added).

Neither of the other cases cited in the Opposition—*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977 (9th Cir. 2002) and *In re Applied Micro Circuits Corp. Securities Litigation*, Civil No. 01-CV-0649 K (AJB), 2002 U.S. Dist. LEXIS 22403 (C.D. Cal. Oct. 4, 2002), Opp. at 12:2-5 & Opp. at 12:6-17, 13:3-7—is to the contrary. In *Van Buskirk*, the Ninth Circuit simply mentioned in passing that "the district court relied on the doctrine of 'incorporation by reference' to consider documents that were referenced extensively in the complaint and were accepted by all parties as authentic." *Id.*, 284 F.3d at 980.  And in *In re Applied Micro Circuits*—as illustrated by the block quote in the Opposition—the court found that the material the defendant asked to be incorporated by reference was "not mentioned in the amended complaint, nor was it relied upon in drafting the amended complaint." *Id.*, 2002 U.S. Dist. LEXIS at *9.

Here, it is clear that in drafting the SAC, Plaintiffs' counsel relied—at least in part—on the Report.  For the most part, the limited number of allegations ***not*** alleged on information and belief closely track the information contained in the Report. *Compare* SAC ¶ 18 (alleging that the Decedent had "a blue t-shirt around her neck and stuffed it in her mouth") *with* Report at 4 ("a blue piece of fabric, possibly a shirt, around the neck outside of the ligature" and "[a] portion of this shirt was reportedly originally in the decedent's mouth"); *compare* SAC ¶ 16 (referring to "tape residue found on DECEDENT's legs") *with* Report at 7 (referring to "apparent tape residue" on "the lateral distal right lower leg" of the Decedent); *compare* SAC ¶ 16 (alleging that there was a "lack of markings on [the Decedent's] body") *with* Report at 3 (finding that "there was no sign of a physical struggle at the scene or on her body"); *compare* SAC ¶19 (alleging that there was a "cryptic message on the door . . . painted

7

using black paint") *with* Report at 4 (setting forth that there was "writing . . . in black paint . . . on the hallway side of the door"); *compare* SAC ¶ 14 (alleging that there was "mud found on DECEDENT's feet") *with* Report at 6 (setting forth that there was "a moderate amount of gray-brown dirt on the soles of the [Decedent's] feet").

In sum, the SAC both contains more than a "mere mention" of the Coroner and, as the allegations in the SAC make clear, is relying on the Report as a basis for the few allegations not based on information and belief.  Although Plaintiffs' counsel attempt to distance themselves from the Report's certified findings, (Opp. at 11:8-10), "Plaintiffs do not dispute the authenticity of report [sic] itself" (Opp. at 14:18).  It is therefore appropriate to consider the Report when deciding the motion to dismiss. *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994); *see also* ECF No. 35 at 3-4) ("the court may consider any documents specifically identified in the complaint whose authenticity is not questioned by the parties").  It also is appropriate to assume the Report's contents are true (*Ritchie*, 342 F. 3d at 908) and/or disregard allegations in the SAC contradicted by the report (*e.g.*, *Armeni v. America's Wholesale Lender*, No. SACV 11-1317 DOC (SHx), 2012 WL 1570112, at *1 (C.D. Cal. May 2, 2012)).[4]

Thus, the Court can assume as true the certified conclusion from the Medical Examiner, after a thorough examination, that "the cause of death is certified as **hanging**, and the manner of death is certified as **suicide**." Report at 3 (emphasis in original); *see also* Motion at 8:5-20.  In addition, the Court can disregard the SAC's allegations to the contrary.  Motion at 9:1-27.  Accordingly, there is a separate and independent reason that the SAC should be dismissed.

---

[4] *Bohrer v County of San Diego*, 104 Cal. App. 3d 155 (1980), and the other cases the Opposition cites are not to the contrary.  Opp. at 17:17-25.  The rule of *Bohrer* is: "Absent a special statute, there is no authority for the court to take ***judicial notice*** of a conclusion of suicide from a governmental document to establish the cause of death." *Id.* at 164 (emphasis added).  Again, Defendant Adam Shacknai has made no request for judicial notice, and this rule has no relevance here.  As discussed above, however, the Court can and should consider the Report pursuant to the doctrine of incorporation by reference.

## CONCLUSION

On the basis of the foregoing arguments and authority, Defendant Adam Shacknai requests that the Court grant his motion to dismiss the SAC for failure to state a claim. As the Court said that this would be the "final opportunity to amend the complaint" (ECF No. 35 at 7), Mr. Shacknai respectfully requests that the dismissal be with prejudice.

Dated:  September 8, 2014

Respectfully submitted,

WINSTON & STRAWN LLP

Robb C. Adkins (SBN 194576)
Krista M. Enns (SBN 206430)
Ian L. Papendick (SBN 275648)

By:  /s/ Robb C. Adkins

*Counsel for Defendant Adam Shacknai*

## CERTIFICATE OF SERVICE

On September 8, 2014, I, Robb C. Adkins, a member of the bar of this Court, electronically filed the foregoing document through the CM/ECF system. Pursuant to CivLR 5.4, the Notice of Electronic Filing generated by the CM/ECF system constitutes service of the document on all Filing Users of the CM/ECF system.

/s/ Robb C. Adkins

*Counsel for Defendant*
*Adam Shacknai*

E-mail: radkins@winston.com

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

10
DEFENDANT ADAM SHACKNAI'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
(CASE NO. 13-CV-01624-W-NLS)